

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN WALTER WEBER,<br><br>Defendant. | CR 04–35–M–DWM<br><br>FINDINGS<br>AND<br>RECOMMENDATION |

Brian Weber is alleged to have violated two conditions of his supervised release, amounting to a total of three violations. Two of those violations are related to his association with a person engaged in criminal activity and a person who is a convicted felon. The third involves alleged distribution of methadone pills. The Court recommends revoking Weber's supervised release and sentencing him to eight months imprisonment, followed by 28 months of supervised release.

### REVOCATION HEARING

The United States Probation Office filed a petition on March 13, 2013, requesting that Weber's supervised release be revoked. (Doc. 363, 371) The

1

petition alleges that Weber violated the conditions of his supervised release by associating with a person engaged in criminal activity, associated with a convicted felon, and distributing methadone pills. (*Id.*) The Court issued an arrest warrant on March 13, 2013. (Doc. 364)

Weber appeared at his revocation hearing on March 22, 2013, with his appointed counsel, Andrew Nelson. Weber consented to the undersigned issuing findings and a recommendation as to whether Weber's supervised release should be revoked. The Court advised Weber that he has a right to appear and allocute before Judge Donald Molloy and can invoke that right by objecting to the findings and recommendation within 14 days after it is filed.

At the hearing, Weber stated that he had read the petition and understood the allegations. He admitted that, in one instance, he knowingly associated with a person engaged in criminal activity and in another instance knowingly associated with a person convicted of a felony.

Weber did not admit that he distributed methadone pills. He claims the pills were stolen from his hotel room.

Weber's counsel, Mr. Nelson, requested a non-custodial sentence. He argues that Weber has generally performed well on supervision and is taking care of his daughter.

The United States recommends a Guidelines sentence.

## ANALYSIS

Based on Weber's admissions, the Court finds that Weber twice violated the condition of his supervised release that prohibited him from associating with a person involved in criminal activity or with a convicted felon.

Weber's alleged violations are Grade C violations. His Criminal history category is III, and the underlying violation is a Class C felony. Consequently, the United States Sentencing Guidelines call for 5 to 11 months imprisonment. Weber and the United States agree with this calculation.

The Court finds that the United States has not proven, by a preponderance of the evidence, that Weber distributed methadone pills. In particular, the United States has failed to present convincing evidence that traces the number of pills purportedly distributed by Weber and the number of pills that he consumed in accordance with his prescription. The prescription bottle containing the pills was not introduced into evidence at the hearing, and there were apparently multiple bottles that could have contained Weber's pills. While Savonnah Ryan purportedly stated that Weber gave her methodone pills, she did not testify at the hearing, and the Court has no reason to afford her alleged statement any credibility.

The undersigned recommends a sentence of eight months imprisonment,

3

followed by 28 months of supervised release. A recommended judgment is attached, which sets out the recommended terms of that period of supervised release.

The Court makes the following **FINDINGS:**

1. Brian Weber twice violated Standard Condition #9 of his supervised release by associating with any persons engaged in criminal activity or associating with any persons convicted of a felony.

2. The United States has failed to show that Weber violated Standard Condition #7 by distributing methadone pills.

It is thus **RECOMMENDED:**

1. The District Court enter the attached Judgement, revoking Weber's supervised release and committing Weber to the custody of the United States Bureau of Prisons for a term of imprisonment of eight months, followed by 28 months supervised release.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed. R. Civ. P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

4

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to allocute before the district judge.

Dated this 25th day of March 2013.

Jeremiah C. Lynch, Magistrate Judge
United States District Court